Plaintiff-appellee Ranlom, Inc., filed a claim in the Hamilton County Municipal Court alleging that defendant-appellant Kreso J. Mikulic owed a balance of $1025 under a contract for the installation of a solarium. Mikulic filed an answer and a counterclaim, alleging breach of contract and negligence against Ranlom, Inc. The counterclaim exceeded the monetary jurisdiction of the municipal court and the case was transferred to the Hamilton County Court of Common Pleas. Mikulic subsequently filed an amended counterclaim and a third-party complaint against Patio Enclosures, Inc.
Ranlom, Inc., filed a motion for summary judgment as to Mikulic's counterclaim, which the trial court granted. The trial court added a Civ.R. 54(B) certification that there was no just reason for delay. Ranlom, Inc.'s original claim for $1025, which was disputed by Mikulic, had not been resolved by the trial court and remained pending. Mikulic appealed. Ranlom, Inc., argued in its brief and at oral argument that the granting of the Civ.R. 54(B) certification was improper in light of the active and disputed claim for $1025.
In order to determine whether an order that adjudicates fewer than all claims or rights and liabilities may be appealed immediately under Civ.R. 54(B), an appellate court must undertake a two-part inquiry. First, the appellate court must determine whether the order appealed is final as defined by R.C. 2505.02. An order is final pursuant to R.C. 2505.02 if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." Second, the appellate court must review the trial court's factual determination as to whether an immediate appeal is consistent with the interests of sound judicial administration, that is, whether it leads to judicial economy. Wisintainer v. ElcenPower Strut Co. (1993), 67 Ohio St.3d 352, 354-355,617 N.E.2d 1136, 1138. The trial court's order disposing of Mikulic's counterclaim does not satisfy either part of the Wisintainer
inquiry.
With respect to the first part of the inquiry, the trial court's order disposing of Mikulic's counterclaim affects a substantial right, but it does not determine the action or prevent a judgment with respect to either Ranlom, Inc., or Mikulic as required by R.C. 2505.02. Ranlom, Inc.'s claim for $1025 under the contract is still pending. Mikulic's defense to Ranlom, Inc.'s contractual claim is based on the same issues raised in the counterclaim. Mikulic's counterclaim was based, at least in part, on an alleged breach of the same contract under which Ranlom, Inc., has asserted its claim. But the trial court's order granting summary judgment on Mikulic's counterclaim does not prevent a judgment in favor of either party on the $1025 contractual claim.
Even if we assume, arguendo, that the trial court's order meets the requirements of R.C. 2505.02, it fails under the second part of the Wisintainer inquiry. The record does not sustain the trial court's determination, necessary to a Civ.R. 54(B) certification, that an immediate appeal would "serve the interests of sound judicial administration." See Wisintainer v.Elcen Power Strut Co., supra; Mallory v. Keating (Aug. 14, 1998), Hamilton App. No. C-980160, unreported. Ranlom, Inc.'s claim and Mikulic's counterclaim arise from the same set of facts. The record reflects the interrelated nature of the parties' claims and the common factual and legal predicates for those claims. See Mallory v. Keating, supra. In fact, Mikulic's counterclaim alleged a breach of the same contract under which Ranlom, Inc.'s claim alleges that the $1025 balance is due. To allow an immediate appeal in this case would encourage piecemeal appeals and would not serve the interests of judicial economy.
The Civ.R. 54(B) certification was improvidently made. Therefore, the appeal is sua sponte dismissed.
It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Appeal dismissed.
SHANNON, J., concurs.
HILDEBRANDT, J., dissents.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.